UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATAN MARIN GARCIA,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>Respondents. | No. 2:26-cv-00811-DAD-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 11, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release from custody. (Doc. No. 2.) On March 11, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release. (Doc. No. 4.)

/////

On March 12, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Respondents argue only that petitioner is an "applicant for admission" and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (*Id.* at 2.)  Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on December 5, 2023.  (Doc. No. 1 at 2.)  On December 6, 2023, petitioner was released on his own recognizance by immigration authorities.  (*Id.* at 27.)  On January 23, 2026, petitioner was re-detained by immigration authorities with no notice, hearing or explanation.  (*Id.* at 2.)  Petitioner was then transported from New Jersey to ICE's California City Detention Center where he remains detained.

The court incorporates and adopts the reasoning set forth in *Ayala Cajina* and finds that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on 1/23/2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate by clear and

convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **March 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3